In the Matter of the Claim of STANLEY GANSHAVES, Respondent, against MYERS-LIPMAN WOOL STOCK CO., INC., and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award made by the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law for total disability covering the period from March 9, 1938, to October 27, 1938. The employer was engaged in the wool business and the claimant was employed as a machine operator. On March 8, 1938, while engaged in his regular occupation in connection with operating a machine, claimant was caused to suffer severe traumatic injuries by reason of his employment, in the nature of a fracture of the skull, fracture of the radius and ulna of the right arm, requiring operative interference, hematoma under the right eye and other injuries, including bleeding from the nose and ears and resultant convulsions. The machine was mechanically driven by a large exposed and unguarded leather belt. In feeding the machine with wool it was necessary for the claimant to procure the wool from a bin near the machine and in so doing he was required to stoop over under the belt in order to avoid coming in contact with it. He was compelled to secure an additional supply under the belt once in five minutes. When the belt slipped on the pulley it was necessary to apply a glue substance to the belt. The claimant reported to work on March 8, 1938, at eight o'clock and worked until noon. There were two machines, beside each other. One was operated by another workman. The machines were operated until noon and were again in operation at one o'clock. About two-thirty o'clock the operator of the other machine was summoned to another part of the employer's premises to perform other work. The claimant was transferred to the machine

which had been operated by the other employee. The claimant was in good health and was performing his regular duties. Between three-fifteen and three-thirty o'clock an employee, working in another part of the building, heard a loud roar from the machine claimant was operating, due to the machine running without being fed. The claimant was found lying on the floor near the machine. His feet were close to heating pipes which were elevated above the floor. Blood was found on those steam pipes, and on the floor beside the claimant was a glue brush used to apply dressing to the machine driving belt. There was blood from the ears and nostrils and running down claimant's face. The accident was unwitnessed. Accidental injuries suffered by the claimant arose out of and in the course of his employment within the meaning of the Workmen's Compensation Law. The evidence supports the award and findings. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.